HOSODA & BONNER, LLLC

LYLE S. HOSODA          3964-0
ADDISON D. BONNER   9163-0
Three Waterfront Plaza, Suite 499
500 Ala Moana Boulevard
Honolulu, Hawaii 96813
Telephone:  (808) 524-3700
Facsimile:  (808) 524-3838
Email:        lsh@hosodalaw.com
                   adb@hosodalaw.com

Attorneys for Defendant
OAHU INTERSCHOLASTIC ASSOCIATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| A.B., by her parents and next friends, C.B. and D.B., and T.T., by her parents and next friends, K.T. and S.T.,<br><br>Plaintiffs,<br><br>vs.<br><br>HAWAII STATE DEPARTMENT OF EDUCATION and OAHU INTERSCHOLASTIC ASSOCIATION,<br><br>Defendants. | Civil No. 18CV-00477 LEK-RT<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT OAHU INTERSCHOLASTIC ASSOCIATION'S MOTION TO DISMISS; CERTIFICATE OF SERVICE**<br><br>**[RE: ECF NOS. 22, 44]**<br><br><u>Hearing</u>:<br>Date:      April 5, 2019<br>Time:     9:45 a.m.<br>Judge:    Honorable Leslie E. Kobayashi<br>Trial:       February 24, 2020 |

# REPLY MEMORANDUM IN SUPPORT OF DEFENDANT OAHU INTERSCHOLASTIC ASSOCIATION'S MOTION TO DISMISS

## I. INTRODUCTION

Defendant Oahu Interscholastic Association ("OIA") filed its Motion to Dismiss Plaintiffs A.B., by her parents and next friends, C.B. and D.B., and T.T., by her parents and next friends, K.T. and S.T.s' (collectively, "Plaintiffs") Complaint because it made only one conclusory allegation against the OIA: "that the OIA indirectly receives federal funds", and as such is subject to Title IX and the jurisdiction of this Court. In their opposition to the Motion, Plaintiffs present three arguments that are outside and beyond the four corners of the Complaint. Because sufficient facts were not pled, the OIA respectfully requests that its motion be granted.

## II. THE STANDARD FOR A MOTION TO DISMISS

To survive a motion to dismiss, a complaint must contain sufficient facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Although the court must view the alleged facts in the complaint as true, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (internal citation omitted).

### III. PLAINTIFFS' COMPLAINT FAILS TO ALLEGE FACTS WHICH SUPPORT A CLAIM THAT THE OIA IS SUBJECT TO TITLE IX

#### A. Plaintiffs' Complaint Fails to Adequately Allege That the OIA Indirectly Received Federal Funding

Plaintiffs' conclusory allegation that the "OIA indirectly receives federal funding" is insufficient to survive a motion to dismiss because it is merely a formulaic recitation of the elements of the cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965, 167; Motion at 6. Plaintiffs seek to circumvent their defective pleading by relying on the court's holding in *Sternberg v. U.S.A. National Karate-Do Federation*, 123 F.Supp.2d 659, 661 (E.D.N.Y. 2000). Admittedly, the court in *Sternberg,* denied a motion to dismiss filed making essentially the same argument that the OIA is making here. But, the point that Plaintiffs are missing is that the movant in the *Sternberg* did not rely upon a single conclusory allegation that the entity received indirect federal funding, it set forth the following facts and supporting allegations to its claim: 1) the Olympic Committee recognized the Karate Federation as the national governing body for the sport of Karate; 2) the Olympic Committee received and provided to national governing sports bodies over forty (40) million dollars in federal funding; and 3) and as a national governing sports body, the Olympic Committee disbursed federal funds to the Karate Federation in 1999. 123 F.Supp.2d at 661.

Further, Plaintiffs' reliance on *Grove City Coll. v. Bell*, 465 U.S. 555,

104 S.Ct. 1211, 79 L.Ed.2d 516 (1984) as the controlling authority for determining whether an organization received federal funding, is mis-placed. The United States Supreme Court's decision in *Nat'l Collegiate Athletic Ass'n v. Smith*, 525 U.S. 459, 469, 119 S.Ct. 924, 929, 142 L.Ed.2d 929 (1999), cited to by the OIA, superseded the *Grove City Coll.* case and is the controlling authority on this issue.

Because Plaintiffs' Complaint does not meet the pleading requirements and relies upon outdated law, the OIA respectfully requests that its motion be granted.

### B. Plaintiffs Did Not Allege That the OIA Directly Received Federal Funding

Plaintiffs next argue that the OIA receives direct federal funding, and that the OIA is a subunit of the DOE, and therefore subject to Title IX. Opp. at 9. The Plaintiffs' Complaint does not contain any facts or allegations to this effect. Plaintiffs' Opposition cites to several paragraphs in the Complaint that allege that the OIA was under the control of the DOE and asks the Court to infer from these allegations that the OIA is a subunit of the DOE and therefore receives direct federal funding. Opp. at 11. Even when viewing every allegation regarding the relationship between the OIA and DOE as true, Plaintiffs' argument fails because the Complaint does not allege that the OIA directly received federal funding or that the OIA is a subunit of the DOE. Therefore, the Court should disregard Plaintiffs' argument for inferring direct federal funding through pervasive entwinement.

Plaintiffs improperly rely on *Brentwood Academy v. Tennessee Secondary School Athletic Association*, arguing that *Brentwood* somehow establishes that the OIA is a subunit of the DOE. *See Brentwood Academy v. Tennessee Secondary School Athletic Association*, 531 U.S. 288, 303, 121 S.Ct. 924, 934, 148 L.Ed.2d 807 (2001). Unlike here, in *Brentwood*, the Supreme Court considered whether an athletic association was a state actor subject to suit under 42 U.S.C. § 1983. *Id.* at 531 U.S. at 293, 121 S.Ct. at 929, 148 L.Ed.2d at 807; *also* Opp. at 12, FN 5. As discussed in the OIA's Motion, Courts have consistently viewed Spending Clause legislation as "much in the nature of a contract", specifically in the case of Title IX, enforceability of Title IX claims is limited to an organization that agrees to comply with federal imposed non-discriminatory conditions in exchange for federal funds. Motion at 3-4. Moreover, the Supreme Court has declined to extend damages liability under Title IX to parties outside the scope of enforcement. *Davis Next Friend LaShonda D. v. Monroe County Bd. of Educ.*, 526 U.S. 629, 642, 119 S.Ct. 1661, 1671, 143 L.Ed.2d 839 (1999). Therefore, the appropriate test to determine whether a party is subject to Title IX enforcement is whether the organization received federal funding, not whether the organization was a state actor for the purposes § 1983. *Nat'l Collegiate Athletic Ass'n v. Smith*, 525 U.S. 459, 466, 119 S.Ct. 924, 928, 142 L.Ed.2d 929 (1999); *Horner v. Kentucky High Sch. Athletic Ass'n*, 43 F.3d 265, 271 (6th Cir. 1994).

### C. Plaintiffs Fail to Allege That the OIA Has Complete Control of the DOE's Athletic Program

Plaintiffs' make an additional argument that does not address the fact that they did not plead specific language and facts. Plaintiffs argue that the OIA has authority over the DOE's Athletic Program that subjects the OIA to Title IX enforcement, regardless of whether or not the OIA receives federal funds. Again, this highlights the defects in Plaintiffs' Complaint because facts to this effect are not pled within the four corners of the Complaint.

Plaintiffs rely on *Williams v. Board of Regents of University System of Georgia*, (477 F.3d 1282, 1294 (11th Cir. 2007)) for the proposition that when a recipient of federal funds cedes control over one of its programs to a private organization, that private organization is subject to Title IX restrictions. Opp. at 19. This argument fails for two reasons. First, Plaintiffs ignore the fact that *Williams* expressly states, "[n]otably, the Court has not resolved whether [ceded control] is sufficient to make an entity a funding recipient subject to Title IX liability." 477 F.3d 1282, 1294 (11th Cir. 2007) (citing to *NCAA*, 525 U.S. at 470–71, 119 S.Ct. at 924, 142 L.Ed.2d at 929). Second, even if this Court finds that ceding control is sufficient to make an entity a funding recipient subject to Title IX liability, Plaintiffs have not sufficiently pled that the DOE ceded control of the Athletics Program to the OIA.

## IV.   CONCLUSION

For the foregoing reasons, the OIA respectfully requests that this Court grant its motion to dismiss, filed herein on January 18, 2019.  The OIA also respectfully requests that this Court grant its motion to dismiss with prejudice as Plaintiffs have not requested leave to amend the Complaint, and for such other and further relief as this Court deems just and proper under the circumstances.

DATED:  Honolulu, Hawaii, March 22, 2019.

/s/ Lyle S. Hosoda
LYLE S. HOSODA
ADDISON D. BONNER

Attorneys for Defendant
OAHU INTERSCHOLASTIC
ASSOCIATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| A.B., by her parents and next friends, C.B. and D.B., and T.T., by her parents and next friends, K.T. and S.T.,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>HAWAII STATE DEPARTMENT OF EDUCATION, et al.,<br><br>　　　　　Defendants. | Civil No. 18CV-00477 LEK-RT<br><br>**CERTIFICATE OF SERVICE** |

## **CERTIFICATE OF SERVICE**

　　　　The undersigned hereby certifies that on the date noted below, a true and correct copy of the foregoing document was duly served electronically through CM/ECF on the following parties:

　　　　MATEO CABALLERO, ESQ.　　　(mcaballero@acluhawaii.org)
　　　　ACLU of Hawaii Foundation
　　　　P.O. Box 3410
　　　　Honolulu, Hawaii 96801
　　　　　　-and-
　　　　ELIZABETH KRISTEN, ESQ.　　　(ekristen@legalaidatwork.org)
　　　　J. CACILIA KIM, ESQ.　　　　　(ckim@legalaidatwork.org)
　　　　KIM TURNER, ESQ.　　　　　　(kturner@legalaidatwork.org)
　　　　Legal Aid at Work
　　　　180 Montgomery Street, Suite 600
　　　　San Francisco, California 94104
　　　　　　-and-
　　　　JAYMA M. MEYER, ESQ.　　　　(jmeyer@stblaw.com)
　　　　Simpson Thacher & Bartlett LLP
　　　　425 Lexington Avenue
　　　　New York, New York 10017

      -and-
HARRISON J. FRAHN IV, ESQ.   (hfrahn@stblaw.com)
Simpson Thacher & Bartlett LLP
2475 Hanover Street
Palo Alto, California 94304

Attorneys for Plaintiffs
A.B., by her parents and next friends, C.B. and D.B., and
T.T., by her parents and next friends, K.T. and S.T.

JOHN M. CREGOR, ESQ.   (john.m.cregor@hawaii.gov)
CARTER K. SIU, ESQ.   (carter.k.siu@hawaii.gov)
Office of the Attorney General
Civil Rights Litigation
425 Queen Street
Honolulu, Hawaii 96813

Attorneys for Defendant
HAWAII STATE DEPARTMENT OF EDUCATION

    DATED: Honolulu, Hawaii, March 22, 2019.

                    /s/ Lyle S. Hosoda
                    LYLE S. HOSODA
                    ADDISON D. BONNER

                    Attorneys for Defendant
                    OAHU INTERSCHOLASTIC
                    ASSOCIATION