CLARE E. CONNORS                7936
Attorney General of Hawaii

CARON M. INAGAKI               3835
JOHN M. CREGOR, JR.          3521
Deputy Attorneys General
Department of the Attorney
  General, State of Hawaii
425 Queen Street
Honolulu, Hawaii 96813
Telephone: (808) 586-1494
Email: John M.Cregor@hawaii.gov

Attorneys for Defendant
HAWAII STATE DEPARTMENT
OF EDUCATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| A.B. and A.M.B., by their parents and next friends, C.B. and D.B., and T.T., by her parents and next friends, K.T. and S.T.,<br><br>Plaintiffs,<br><br>vs.<br><br>HAWAII STATE DEPARTMENT OF EDUCATION and OAHU INTERSCHOLASTIC ASSOCIATION,<br><br>Defendants. | CIVIL NO. CV18-00477 LEK-RT<br><br>RESPONSE OF DEFENDANT HAWAII STATE DEPARTMENT OF EDUCATION AND ATTORNEY GENERAL IN AN ORDER REGARDING DEFENDANT HAWAII STATE DEPARTMENT OF EDUCATION'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF (ECF NO. 88) [ECF NO. 94]; DECLARATION OF JOHN M. CREGOR, JR.; CERTIFICATE OF SERVICE<br><br>TRIAL: October 26, 2020<br>JUDGE: Hon. Leslie E. Kobayashi |

778277_3

RESPONSE OF DEFENDANT HAWAII STATE DEPARTMENT OF EDUCATION AND ATTORNEY GENERAL IN AN ORDER REGARDING DEFENDANT HAWAII STATE DEPARTMENT OF EDUCATION'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF (ECF NO. 88) [ECF NO. 94]

I. Introduction

The Attorney General of the State of Hawai'i submits this memorandum in response to the court's order concerning the Hawai'i State Department of Education's motion to dismiss first amended complaint. The Attorney General shares the court's commitment to handle litigation in an ethical and efficient manner. Having reviewed this matter, the Attorney General submits that the motion to dismiss was timely filed, consistent with all applicable rules and court deadlines, and asserts well-founded defenses. The motion was filed after the Deputy Attorney General handling the case developed a basis for dismissal, and was not brought for the purposes of harassment, delay or in bad faith. The Attorney General submits that sanctions are unwarranted, and requests that the motion to dismiss be heard on the merits.[1]

II. Procedural History

The original complaint was filed on December 6, 2018. [ECF 1] The complaint was 67 pages long, and contained extensive allegations concerning events that spanned four decades. Plaintiffs A.B. and T.T. alleged that defendants

---

[1] This memorandum will address the issue of sanctions, and not reargue the grounds for the motion to dismiss.

Hawai'i State Department of Education (DOE) and the Oahu Interscholastic Association (OIA) had violated Title IX, 20 U.S.C. §1681, by not providing gender equity to high school female athletes. A.B. and T.T. identified themselves as swimmers and water polo players at the James Campbell High School, but their allegations were not limited to those sports or that school. Plaintiffs instead made broad, sweeping allegations about historical discrimination by the DOE throughout the state, and alleged multiple disparities concerning locker room and practice facilities, coaching, services and opportunities for sports including water polo, swimming, football, basketball, volleyball, track and field, baseball and soccer. The complaint also alleged that Campbell High School failed to offer and expand opportunities for female students interested in participating in athletics generally.

A.B. and T.T. brought the case individually, and purportedly on behalf of a class of other females similarly situated to them. The breadth of their claims was illustrated by plaintiffs' assertion that "th[e] case is about ensuring that female athletes in Hawaii's public schools are on a level playing field with their male athlete counterparts." (Complaint, ¶1) Plaintiffs sought declaratory and injunctive relief prohibiting the DOE and OIA from "continuing to engage in unlawful sex-based discrimination" against "female athletes of Hawaii[.]" (Complaint, ¶ 7). Plaintiffs were represented by a number of attorneys, including five California and

New York attorneys who sought *pro hac vice* admission to practice in the District of Hawai'i.

The complaint was served upon the DOE on December 7, 2018. On December 11, 2018, the case was assigned to Deputy Attorney General (DAG) John M. Cregor, Jr. for handling. *See* Declaration of John M. Cregor, Jr. (Cregor Declaration), ¶3. DAG Cregor was given the complaint but no other materials. *Id.*, ¶ 4. Unlike federal agencies that receive administrative notice of complaints, the DOE had not prepared an internal investigation of the plaintiffs' claims, or a report of the viability of their theories and available defenses. Indeed, while plaintiffs and the ACLU had engaged in earlier discussions with the DOE, the DOE had no prior notice that a lawsuit would be filed, or of the claims specific to these particular students or Campbell High School. *Id.*, ¶ 5.

On January 18, 2019, DAG Cregor answered the complaint on behalf of the DOE. Plaintiffs A.B. and T.T. had already initiated substantial discovery, including multiple requests for documents and oral depositions. DAG Cregor worked with the DOE to locate, stamp and produce voluminous documents, and to identify individuals who could testify about them. While responding to discovery, DAG Cregor initiated his own investigation, which involved interviewing witnesses, retaining an expert, conducting site visits, and researching the substantive law concerning Title IX discrimination and class action issues. All of

this was done to gather facts, understand plaintiffs' claims, and develop potential defenses.

DAG Cregor realized that A.B. and T.T. would graduate in May 2019, and lose standing to assert individual claims. *See Flint v. Dennison,* 488 F.3d 816, 823 (9th Cir. 2007) ("Generally, once a student graduates, he no longer has a live case or controversy justifying declaratory and injunctive relief against a school's action or policy, and his case is therefore moot.") DAG Cregor was not sure, however, whether the purported class of female water polo players could maintain a Title IX claim where the school had no boys' water polo team. Through later research, DAG Cregor concluded that a Title IX equivalency analysis requires a comparison of "program-wide benefits and opportunities" at a particular school. *McCormick v. Sch. Dist. Of Mamaronek,* 370 F.3d 275, 293-94 (2d Cir. 2004) (citing *Dept. of Heath, Education and Welfare Policy Interpretation,* 44 Fed. Reg. 71413). As a result, the proper inquiry was whether A.B. and T.T.'s school—Campbell High School—offered equal programs for girls and boys competing in like sports, i.e., water polo and aquatic sports. Campbell had no swimming pool, so its aquatic sports (swimming, diving and water polo) were practiced and played at the K. Mark Takai Veterans Memorial Aquatic Center in Waipahu. The center offered equal locker room and facilities for both girls and boys.

Plaintiffs filed a motion seeking class certification, and it was set for hearing on September 20, 2019. [ECF 74] Beginning with a January 31, 2019 Rule 16 conference, the court had taken active control of the litigation. Between April and June 2019, the court held six status conferences or hearings, largely to order phased discovery on class certification issues. At a May 14, 2019 status conference, DAG Cregor advised the court that the two named plaintiffs would graduate on May 17, 2019 and would lose their standing to assert individual claims, or claims on behalf of the class.

Two days later, in response to DAG Cregor's assertion of this valid defense, plaintiffs sought leave to amend their complaint to add A.M.B. (a ninth grader) as a named plaintiff. On June 19, 2019, the court granted leave to file a first amended complaint adding A.M.B. [ECF 89] In its order, the court explicitly provided that the DOE could file its answer "<u>or other responsive pleadings</u>" by July 24, 2019 (emphasis added).

On July 24, 2019, the DOE timely filed its motion to dismiss the first amended complaint. [ECF 92] DAG Cregor had determined that a Title IX action must be brought by present students, based on gender inequities at a particular school. The motion thus sought a dismissal of A.B. and T.T.'s claims because they had graduated and lacked standing. It also sought a dismissal of the claims of A.M.B., the new plaintiff, on the grounds that the complaint failed to allege any

facts concerning gender-based disparities in aquatics at Campbell High School. DAG Cregor also moved to strike large portions of the complaint as redundant and immaterial. Those allegations largely dealt with historical events not involving Campbell High School.

The motion to strike unquestionably attacked some of the same factual allegations of the original complaint. In January 2019, however, when he answered the original complaint, DAG Cregor did not have the benefit of the research and expert consultation that he later developed. Nor had A.B. and T.T. graduated. When DAG Cregor pointed out that they lost standing upon graduation, plaintiffs' counsel amended the complaint to add a plaintiff who still attended school. The amended complaint gave DAG Cregor the opportunity to raise the standing defense, and challenge insufficiencies in the complaint that were now apparent to him. And, with a better understanding that plaintiffs' claims were limited to inequities at Campbell High School, DAG Cregor moved to strike allegations that were immaterial and designed not to frame the issues but to gather media attention. All of this was done by the deadline explicitly set by the court for an answer or responsive pleading, and well before the May 27, 2020 deadline for the filing of dispositive motions.

On August 2, 2019, the court issued its minute order, suggesting that the DOE's motion did not raise any issues unique to the new plaintiff, and that the

motion may have been presented for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]" [ECF 94] (citations omitted). The court ordered DOE and its counsel to show cause why sanctions should not be imposed.

III. Discussion

Ideally, a dispositive motion challenging the sufficiency of a legal claim should be filed at the earliest possible moment. In some cases, the inadequacy of a claim is obvious. If a complaint sued the wrong governmental agency or corporate defendant, or an entity not amenable to personal jurisdiction, a motion to dismiss would probably be the initial responsive pleading. However, where investigation and inquiry are required to evaluate the claims, an immediate motion to dismiss may not be prudent. *See* Fed. R. Civ. P. 11(b)(1) (attorney certifies that, based on his knowledge, information and belief, "formed after an inquiry reasonable under the circumstances," that motion not being presented for an improper purpose).

DAG Cregor received the original complaint in mid-December 2018, with no forewarning. An answer or responsive pleading was due in mid-January. Over the holidays, DAG Cregor had to review a lengthy complaint containing multiple and complex theories, identify witnesses and documents, and begin to develop a defense. DAG Cregor also had to conduct research into class certification and Title IX laws that are complex and evolving. DAG Cregor later developed factual

and legal defenses to the original plaintiffs' ability to represent themselves and other purported class members. While the theories asserted in the later motion to dismiss could have been asserted in January, DAG Cregor had an obligation to assure that they were well-founded and made in good faith. He should not be penalized for complying with his obligations. Nor should he be penalized for raising his concerns with plaintiffs' counsel, which then led plaintiffs to file an amended complaint.

Importantly, the motion was timely filed and comported with all existing court deadlines and understandings. When the court allowed plaintiffs to amend their complaint, it explicitly ordered that the DOE answer or file a "responsive pleading" by July 24, 2019. That order was entered <u>after</u> DAG Cregor advised that some of plaintiffs' theories were defective and subject to a motion to dismiss. Moreover, the DOE's legal defenses could have been asserted at an even later date, by way of a motion for judgment on the pleadings. DAG Cregor should not be sanctioned for advising counsel and the court of his concerns over the legal theories, and abiding by the court's deadline.

The court's order implies that the motion was brought for improper purposes, including harassment, delay and increasing the cost of litigation. Neither the DOE nor DAG Cregor have caused any delay. To the contrary, they have engaged in discovery that will benefit both parties (and the court) in framing the

issues. Trial is scheduled for October 26, 2020, and has not been delayed on account of any actions of the DOE or DAG Cregor. Finally, the DOE, DAG Cregor and the State of Hawaiʻi have no interest whatsoever in increasing costs—counsel is a government attorney not being compensated on an hourly basis, and defendants may be subject to a statutory award of attorney's fees if plaintiffs prevail.

The Attorney General acknowledges that counsel sought not only a dismissal, but the striking of substantial portions of the first amended complaint. Fed. R. Civ. P. 8(a) requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) further requires that allegations be "simple, concise, and direct." Rule 12(f)(2) permits a party to move to strike surplusage to "save time and expense" by removing allegations that "will not have any possible bearing on the outcome of the litigation." *Garlanger v. Verbeke*, 223 F.Supp. 2d 596, 609 (D.N.J. 2002). The Attorney General can appreciate that such motions are disfavored, and understands the court's frustration in dealing with them. But the motion does not reflect bad faith on DAG Cregor's part—the language sought to be stricken does not relate to the elements of plaintiffs' claims, or otherwise narrow the issues for decision. While the court may disagree with the decision to bring such a motion, the decision was made in good faith and does not warrant sanctions.

In short, the Attorney General believes DAG Cregor has filed the motion to dismiss in good faith, consistent with the rules and court orders, and at a time when he reasonably believed that the defenses asserted were viable. Perhaps the motion could have more clearly framed the issues and the relief sought. But the motion was brought to assert valid defenses on behalf of the DOE, and not for improper purposes. The Attorney General submits there is no basis for sanctions, and that the motion should be resolved on its merits.

DATED: Honolulu, Hawaii, August 15, 2019.

        STATE OF HAWAII

        /s/ Clare E. Connors
        CLARE E. CONNORS
        Attorney General

        Attorney for Defendant
        HAWAII STATE DEPARTMENT OF EDUCATION