

**BY CM/ECF**                                                    March 3, 2023

The Honorable Rom A. Trader
United States District Court
District of Hawaii
300 Ala Moana Blvd C-338
Honolulu, HI 96850

**Re:**   ***A.B. et al. v. Hawaii State Department of Education, et al.*, 1:18-CV-
00477-LEK-RT – Plaintiffs' LR37.1 Letter Brief Seeking Continued
Rule 30(b)(6) Deposition of Hawaii State Department of Education**

Dear Judge Trader,

Plaintiffs A.B., A.M.B., T.T. and A.P. ("Plaintiffs") respectfully submit this
letter brief seeking an order compelling Defendant Hawaii State Department of
Education ("DOE") to prepare and produce designees under Rule 30(b)(6) of the
Federal Rules of Civil Procedure for the continued deposition of DOE.[1]

## I.   Introduction

Plaintiffs brought this lawsuit to end DOE's and Defendant Oahu
Interscholastic Association's "ongoing and systematic violations" of Title IX's
prohibition of sex discrimination in athletics at Campbell High School ("Campbell").
Dkt. 88 at ¶¶ 157, 176, 264. Because Plaintiffs seek declaratory and injunctive
relief, information regarding the DOE's conduct in the 2019-2023 time period is
plainly relevant.

Plaintiffs deposed DOE representatives under Rule 30(b)(6) in March 2019.
Almost four years have passed since DOE's deposition began and Plaintiffs need the

---

[1] Plaintiffs certify that they have complied with LR37.1(a). Plaintiffs and DOE have conferred
extensively about this issue—including through about a dozen emails starting February 2, 2023, and
a telephone conference on February 24, 2023—in a good faith effort to resolve the dispute. But the
parties were unable to do so, and agreed on March 3, 2023 as the deadline for letter briefs.

*A.B. et al. v. Hawaii State Department of Education, et al.*, 1:18-CV-00477-LEK-RT
– Plaintiffs' LR37.1 Letter Brief Seeking Continued Rule 30(b)(6) Deposition of DOE

ability to elicit current DOE testimony about how relevant facts have (or have not) changed in that time period.

Plaintiffs have asked DOE whether it would be willing to continue its Rule 30(b)(6) deposition for a limited number of extra hours. But DOE has taken the firm position that it will not agree to continue the Rule 30(b)(6) deposition in any respect—*i.e.*, for any amount of time as to any designee. Thus, Plaintiffs respectfully request that this Court enter an order compelling DOE to produce a designee (or designees) for a continued deposition. If DOE provides the same designees as it did in 2019, Plaintiffs request no more than 4 hours of deposition testimony from each designee. For any new designee, Plaintiffs request the full 7-hour durational limit.

## II.   Background

Plaintiffs filed this lawsuit on December 6, 2018 asserting three Title IX claims. Dkt. 1, 88. Plaintiffs' claims are based on DOE's ongoing and systemic misconduct through its: (1) failure to provide female student-athletes with treatment and benefits that are equivalent to those provided to male student-athletes in Campbell's athletics program, (2) failure to provide equal participation opportunities as between female and male student-athletes, and (3) retaliation against Plaintiffs after they complained to DOE about discrimination.

To obtain relevant discovery on their claims, Plaintiffs deposed DOE under Rule 30(b)(6) in March 2019. DOE designated four witnesses to testify on the organization's behalf.[2] Plaintiffs did not exceed Rule 30(d)(1)'s 7-hour durational limit as to any DOE designee. *See* Fed. R. Civ. P. 30, advisory committee notes to 2000 amendment ("This limitation contemplates that there will be reasonable breaks during the day for lunch and other reasons, and that *the only time to be counted is the time occupied by the actual deposition*. For purposes of this durational limit, *the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition*." (emphasis added)).

After Plaintiffs' motion for class certification was denied on December 31, 2019 (Dkt. 143), the Court stayed the case pending appeal before the Ninth Circuit (Dkt. 151). On April 26, 2022—over 3 years after Plaintiffs first deposed DOE—the Ninth Circuit issued its mandate. Dkt. 178. On July 1, 2022, this Court granted class certification, lifted the stay, and re-opened the case. Dkt. 188.

---

[2] Plaintiffs also began depositions of three individuals under Rule 30(b)(1) that were limited in scope to "matters relating to class certification only." Dkt. 58; *see also* Dkt. 54 (initial order).

*A.B. et al. v. Hawaii State Department of Education, et al.*, 1:18-CV-00477-LEK-RT
– Plaintiffs' LR37.1 Letter Brief Seeking Continued Rule 30(b)(6) Deposition of DOE

On July 12, 2022, the Court entered a Second Amended Rule 16 Scheduling Order. Dkt. 194. The discovery deadline is August 4, 2023. A non-jury trial before Judge Kobayashi is currently set for October 2, 2023.

Since this case was re-opened, no depositions have occurred. Plaintiffs first raised the issue of deposition scheduling—including the continued deposition of DOE—during a January 20, 2023 meet and confer with DOE. Based on DOE's representations during that meet and confer, Plaintiffs understood that DOE was willing to continue the Rule 30(b)(6) deposition to some extent. Plaintiffs memorialized these discussions in a January 23, 2023 email stating the parties "discussed March for some 30(b)(6) depositions."

On February 2, 2022, Plaintiffs informed DOE about the depositions it was prepared to schedule, including "[r]enewed 30(b)(6) depositions for the same topics previously noticed." On February 7, 2022, DOE stated that its designees had already been deposed and "DOE will not stipulate to them being deposed a second time." In emails exchanged over the next few weeks, Plaintiffs again explained that the renewed depositions were necessary to discover developments since 2019, but DOE refused based on its claim that "the four 30(b)(6) [designees'] depositions exceeded 24 hours, well beyond the 7-hour limit."

In a February 24, 2023 telephonic meet-and-confer, Plaintiffs pointed to the Advisory Committee Note to Rule 30, which clarifies that the 7-hour limit applies to each Rule 30(b)(6) designee separately. In an effort to compromise, Plaintiffs informed DOE that they were "open to setting an upper limit on the number of additional hours" for DOE's continued deposition. And as to any "dual" witnesses, Plaintiffs offered to take their Rule 30(b)(1) depositions on the same day that they testified as 30(b)(6) designees. DOE rejected both ideas and informed Plaintiffs that "[u]nless the Plaintiffs have changed their position there's nothing left to discuss."

## III.   Argument

This Court should grant Plaintiffs leave, under Rule 30(a)(2), either to continue DOE's 30(b)(6) deposition or, in the alternative, to depose DOE again as to the same topics noticed in 2019, but for the time period "from 2019 to present."

This Court "must grant leave to the extent consistent with Rule 26(b)(1) and (2)" of the Federal Rules. Fed. R. Civ. P. 30(a)(2); *see also Agena v. Cleaver-Brooks, Inc.*, No. CV 19-00089 DKW-WRP, 2020 WL 6929671, at *6 (D. Haw. June 15, 2020). Rule 26(b)(2)(C), in turn, limits discovery if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking

3

*A.B. et al. v. Hawaii State Department of Education, et al.*, 1:18-CV-00477-LEK-RT
– Plaintiffs' LR37.1 Letter Brief Seeking Continued Rule 30(b)(6) Deposition of DOE

discovery has had ample opportunity to obtain the information by discovery in the
action; or (iii) the proposed discovery is outside the scope permitted by Rule
26(b)(1)." Fed. R. Civ. P. 26(b)(2)(c). Here, the standards are met as to continuing
DOE's deposition.

*First*, the discovery sought is not unreasonably cumulative or duplicative
because it concerns a time period that could not have been covered by the deposition
that occurred in March 2019: the four years that have passed between March 2019
and March 2023. As courts have stated, situations that favor "a deposition of a
deponent who has already been deposed" include "a long passage of time with new
evidence" or a case in which "new documents have been produced." *Kress v. Price
Waterhouse Coopers*, 2011 WL 5241852, at *1 (E.D. Cal. Nov. 1, 2011) (citations
omitted). For example, in *Rawson v. Recovery Innovations, Inc.*, the court granted
"second depositions of the parties" because there had been both "a long passage of
time—nearly four years—since [the party] was initially deposed" and "a substantial
delay because of the appeals in th[e] case." 2022 WL 1110264, at *2 (W.D. Wash.
Mar. 17, 2022). Here, the facts are analogous: four years have passed, and the class
certification appeal led to serious delay.

*Second*, this information cannot be obtained from another source. While DOE
has produced some documents showing facts during the past four years, "documents
alone are no substitute for deposition testimony." *Klay v. Santa Cruz Cnty. Sheriff's
Off.*, 2015 WL 3879729, at *2 (N.D. Cal. June 22, 2015). Nor—as DOE suggests—
does individual testimony under Rule 30(b)(1) "suffice" as a substitute for official
testimony under Rule 30(b)(6). Myriad cases have held that "[a] deposition pursuant
to Rule 30(b)(6) is substantially different from a witness's deposition as an
individual." *Sabre v. First Dominion Cap., LLC*, 2001 WL 1590544, at *1 (S.D.N.Y.
Dec. 12, 2001). Consistently, "courts have rejected the argument that a Rule 30(b)(6)
deposition is unnecessary or cumulative simply because individual deponents—
usually former or current employees of the entity whose Rule 30(b)(6) deposition is
sought—have already testified about the topics noticed in the Rule 30(b)(6)
deposition notice." *Louisiana Pac. Corp. v. Money Mkt. 1 Inst'l Inv. Dealer*, 285
F.R.D. 481, 487 (N.D. Cal. 2012) (collecting cases). Indeed the present situation is
similar to that in *Tiki Shark Art Inc. v. CafePress Inc.*, in which Magistrate Judge
Puglisi granted a party's motion to compel the "second deposition" of Rule 30(b)(6)
designees even though one of the designees had been previously deposed "for over
six hours in both his individual capacity and as a Rule 30(b)(6) witness." No. CV 13-
00577 JMS-RLP, 2014 WL 12603135, at *1 (D. Haw. June 30, 2014), *aff'd*, 2014 WL
3928799 (D. Haw. Aug. 12, 2014).

*A.B. et al. v. Hawaii State Department of Education, et al.*, 1:18-CV-00477-LEK-RT
– Plaintiffs' LR37.1 Letter Brief Seeking Continued Rule 30(b)(6) Deposition of DOE

*Third*, Plaintiffs have had no opportunity to elicit *any* DOE testimony—Rule 30(b)(6) or not—on how conditions have (or have not) changed since March 2019. Zero depositions have occurred since this case was remanded by the Ninth Circuit.

*Fourth*, DOE's deposition is firmly within the scope permitted by Rule 26(b)(1). Plaintiffs' claims are based on allegations of continuing conduct, including facts and actions taken over the past four years. Accordingly, the testimony of DOE, a party to this case, regarding its actions and any factual developments occurring within this time period is highly relevant. *See, e.g., Naini v. King Cnty. Pub. Hosp. Dist. No. 2*, 2019 WL 6877927, at *3 (W.D. Wash. Dec. 17, 2019) ("An entity's position is ordinarily relevant when the entity is a party to a case.").[3] If anything, it is *centrally* relevant in a case like this one that alleges discrimination by the entity itself. Thus, the benefits strongly outweigh any purported burden here.

*Finally*, under Rule 30(d)(1), this Court "must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent." This is a complex case spanning 5,563 documents. It alleges DOE did little to cure nearly a decade of systematic problems of girls' unequal participation and treatment, and retaliation in violation of Title IX. Thus, the complexity of this case, the fact that Plaintiffs seek information from 2019-2023, and the central relevancy of the Rule 30(b) deposition testimony overcome the minimal burden to DOE if their original Rule 30(b)(6) designees are deposed for an additional four hours.

## IV.   Conclusion

Plaintiffs respectfully request that the Court enter an order requiring DOE to produce and prepare designees under Rule 30(b)(6) of the Federal Rules of Civil Procedure for its continued deposition. Plaintiffs respectfully request that such order clarify that: (1) Plaintiffs are entitled to 4 hours for any designee who has previously testified on DOE's behalf, and up to 7 hours for any new designee; and (2) in light of the May 1, 2023 expert disclosure deadline, DOE make such designees available for deposition by April 1, 2023.

Sincerely,
/s/ Jongwook "Wookie" Kim
Jongwook "Wookie" Kim
Counsel for Plaintiffs

Cc: All counsel of record

---

[3] Such testimony is also needed if the parties were to try to reach an early termination of this case. At this point, Plaintiffs are unable to meaningfully pursue settlement or mediation without a better understanding of whether and how the facts have changed in the past four years.