ACLU OF HAWAIʻI FOUNDATION

Jongwook "Wookie" Kim          #11020
Taylor Brack                           #11121
P.O. Box 3410
Honolulu, Hawaii 96801
Telephone:  (808) 522-5908
Facsimile:  (808) 522-5909
E-mail:      wkim@acluhawaii.org
               tbrack@acluhawaii.org

LEGAL AID AT WORK

Elizabeth Kristen, *pro hac vice*
Lynnette Miner, *pro hac vice*
180 Montgomery Street, Suite 600
San Francisco, CA 94104
Telephone:  (415) 864-8848
Facsimile:  (415) 593-0096
E-mail:      ekristen@legalaidatwork.org
               lminer@legalaidatwork.org

SIMPSON THACHER & BARTLETT LLP

Jayma M. Meyer, *pro hac vice*
David A. Balme, *pro hac vice*
Damian P. Gallagher, *pro hac vice*
425 Lexington Avenue
New York, NY 10017
Telephone:  (212) 455-3935
Facsimile:  (212) 455-2502
E-mail:      jmeyer@stblaw.com
               david.balme@stblaw.com
               damian.gallagher@stblaw.com

Harrison J. Frahn IV, *pro hac vice*
Ziwei Xiao, *pro hac vice*
Sarah H. Brim, *pro hac vice*
Pierce A. MacConaghy, *pro hac vice*
2475 Hanover Street
Palo Alto, California 94304
Telephone:  (650) 251-5000

Facsimile:  (650) 251-5002
E-mail:     hfrahn@stblaw.com
            ziwei.xiao@stblaw.com
            sarah.brim@stblaw.com
            pierce.macconaghy@stblaw.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| A.B. and A.M.B, by their parents and next friends, C.B. and D.B., T.T., by her parents and next friends, K.T. and S.T., and A.P., by her parents and next friends, C.P. and M.P.,<br><br>     Plaintiffs,<br><br>  vs.<br><br>HAWAII STATE DEPARTMENT OF EDUCATION and OAHU INTERSCHOLASTIC ASSOCIATION,<br><br>     Defendants. | Case No. 1:18-cv-00477-LEK-RT<br><br>[CIVIL RIGHTS ACTION]<br><br>**JOINT MOTION FOR PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT; MEMORANDUM IN SUPPORT OF JOINT MOTION; CERTIFICATE OF COMPLIANCE**<br><br>[CLASS ACTION] |

## JOINT MOTION FOR PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT

Named Plaintiffs, A.B. and A.M.B., by their parents and next friends, C.B. and D.B., T.T., by her parents and next friends, K.T. and S.T., and A.P., by her parents and next friends, C.P. and M.P., on behalf of themselves and the Class certified by the Court, by and through Class Counsel, together with Defendants, Hawaii Department of Education ("DOE") and the Oahu Interscholastic Association ("OIA"), hereby move this Court for the entry of an Order pursuant to Rule 23 of the Federal Rules of Procedure preliminarily approving the proposed

Settlement Agreement of this Class Action and notice to the Class, and scheduling

a hearing for final approval of the Settlement.

The proposed Settlement provides substantial benefits to the entire Class.

The terms of the proposed Settlement are fully set forth in the Settlement

Agreement filed herewith and are summarized for the Court's convenience in the

accompanying memorandum.

This Motion is based upon the accompanying Memorandum in Support of

Joint Motion, Exhibits, and the Court's own file pertaining to this matter.

Dated:  October 27, 2023                     Respectfully submitted,

                                    By:  /s/ Elizabeth Kristen
                                         Counsel for Plaintiffs

                                         ACLU OF HAWAII
                                         FOUNDATION
                                         Jongwook "Wookie" Kim #11020
                                         Taylor Brack #11121
                                         P.O. Box 3410
                                         Honolulu, HI 96801
                                         Telephone: (808) 522-5905
                                         Facsimile: (808) 522-5909
                                         E-mail:
                                         wkim@acluhawaii.org
                                         tbrack@acluhawaii.org

LEGAL AID AT WORK
Elizabeth Kristen, *pro hac vice*
Lynnette Miner, *pro hac vice*
180 Montgomery Street, Suite 600
San Francisco, CA 94104
Telephone: (415) 864-8848
Facsimile: (415) 593-0096
E-mail:
ekristen@legalaidatwork.org
lminer@legalaidatwork.org

SIMPSON THACHER &
BARTLETT LLP
Jayma M. Meyer, *pro hac vice*
David A. Balme, *pro hac vice*
Damian P. Gallagher, *pro hac vice*
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-3935
Facsimile: (212) 455-2502
E-mail:
jmeyer@stblaw.com
david.balme@stblaw.com
damian.gallagher@stblaw.com

Harrison J. Frahn IV, *pro hac vice*
Ziwei Xiao, *pro hac vice*
Sarah H. Brim, *pro hac vice*
Pierce A. MacConaghy, *pro hac vice*
2475 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 251-5000
Facsimile: (650) 251-5002
E-mail:
hfrahn@stblaw.com
ziwei.xiao@stblaw.com
sarah.brim@stblaw.com
pierce.macconaghy@stblaw.com

Dated:  October 27, 2023                    ANNE E. LOPEZ        #7609
                                            Attorney General of Hawaii

                                            CARON M. INAGAKI   #3835
                                            KENDALL J. MOSER   #6515
                                            Deputy Attorneys General
                                            Department of the Attorney
                                            General, State of Hawaii

                                  By:   /s/ Kendall J. Moser
                                        425 Queen Street
                                        Honolulu, Hawaii 96813
                                        Telephone: (808) 586-1494
                                        Facsimile: (808) 586-1369
                                        Email:
                                        Caron.M.Inagaki@hawaii.gov
                                        Kendall.J.Moser@hawaii.gov

                                        Counsel for Defendant
                                        Hawaii State Department of
                                        Education

Dated:  October 27, 2023                    HOSODA LAW GROUP, LLLC
                                            Lyle S. Hosoda       #3964-0
                                            Kourtney H. Wong       #10827-0

                                  By:   /s/ Lyle S. Hosoda
                                        Three Waterfront Plaza, Suite 499
                                        500 Ala Moana Boulevard
                                        Honolulu, HI 96813
                                        Telephone: (808) 524-3700
                                        Facsimile: (808) 524-3838
                                        Email:
                                        lsh@hosodalaw.com
                                        khw@hosodalaw.com

                                        Counsel for Defendant Oahu
                                        Interscholastic
                                        Association

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| A.B. and A.M.B, by their parents and next friends, C.B. and D.B., T.T., by her parents and next friends, K.T. and S.T., and A.P., by her parents and next friends, C.P. and M.P.,<br><br>          Plaintiffs,<br><br>   vs.<br><br>HAWAII STATE DEPARTMENT OF EDUCATION and OAHU INTERSCHOLASTIC ASSOCIATION,<br><br>          Defendants. | Case No. 1:18-cv-00477-LEK-RT<br><br>[CIVIL RIGHTS ACTION]<br><br>**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT**<br><br>[CLASS ACTION] |

# **TABLE OF CONTENTS**

MEMORANDUM IN SUPPORT OF JOINT MOTION ........................................1

I.    INTRODUCTION.................................................................................1

II.    NATURE OF THE CASE ....................................................................2

III.    TERMS OF THE PROPOSED SETTLEMENT ................................4

    A.    Scope ..........................................................................................4

    B.    Class Members ..........................................................................4

    C.    Title IX Compliance and Monitoring (Drawn from Exhibit
A to the Settlement): ................................................................5

        *i.*    Independent Evaluator:.................................................5

        *ii.*    Interim and Annual Reports:.......................................5

            a.    Annual Reports.....................................................6

            b.    Interim Reports.....................................................7

        *iii.*    Document Collection and Organizational Tool
Building ......................................................................7

        *iv.*    Student Surveys ...........................................................8

        *v.*    Coach Surveys and Interviews ...................................8

        *vi.*    Student-Athlete Meetings, Focus Groups, and
Community Feedback...................................................8

        *vii.*    Facility Review.............................................................9

        *viii.*    Complaint Reporting Procedure and Review.................9

        *ix.*    Training and Professional Development .........................9

        *x.*    Non-Retaliation Assurances ...........................................10

    D.    OIA-Specific Title IX Compliance (Drawn from Exhibit
B to the Settlement) ................................................................10

        *i.*    Addition of Participation Opportunities .........................10

        *ii.*    Treatment and Benefits.................................................10

            a.    Scheduling of Games & Practice Times...............10

b.      Locker Room, Practice & Competitive
Facilities ................................................................. 11

c.      Publicity & Promotional Support ......................... 11

d.      Travel & Per Diem Allowances ............................ 11

iii.    OIA Title IX Committee ................................................. 11

iv.     Complaint Procedure ....................................................... 11

v.      Review of OIA Documents .............................................. 12

vi.     Assessment Forms .......................................................... 12

E.    Release ...................................................................................... 12

F.    Notice ........................................................................................ 12

IV.    PROPOSED SETTLEMENT MEETS JUDICIAL STANDARDS
FOR APPROVAL UNDER RULE 23(E) .......................................... 13

V.    PROPOSED NOTICE TO CLASS SATISFIES RULE 23 AND DUE
PROCESS REQUIREMENTS ............................................................ 15

VI.    CONCLUSION .................................................................................... 16

CERTIFICATE OF COMPLIANCE ........................................................... 20

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Churchill Vill., L.L.C. v. Gen. Elec.*,
    361 F.3d 566 (9th Cir. 2004) ................................................................15

*Mullane v. Central Hanover Bank & Tr. Co.*,
    339 U.S. 306 (1950)................................................................15

*Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San
    Francisco*,
    688 F.2d 615 (9th Cir. 1982) ................................................13, 14

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod.
    Liab. Litig.*,
    895 F.3d 597 (9th Cir. 2018) ................................................13, 14

**Rules**

Fed. R. Civ. P.
    23(e) ................................................................13

Fed. R. Civ. P.
    23(e)(1)(B) ................................................................2, 15

Fed. R. Civ. P.
    23(e)(2) ................................................................13

## <u>MEMORANDUM IN SUPPORT OF JOINT MOTION</u>

### I.    INTRODUCTION

Named Plaintiffs, on behalf of themselves and the Class certified by the Court, by and through Class Counsel, together with Defendants, Hawaii Department of Education ("DOE") and the Oahu Interscholastic Association ("OIA"), pursuant to Rule 23 of the Federal Rules of Civil Procedure respectfully request that this Court enter an order (1) preliminarily approving the Parties' proposed Settlement and Release Agreement (hereinafter "Settlement") as fair, reasonable, and adequate; (2) approving notice to the Class; and (3) setting a Fairness Hearing in February 2024.

The proposed Settlement between Plaintiffs and Defendants is attached as Exhibit 1. The proposed Settlement was reached in arm's length settlement negotiations during a multi-day mediation conducted by retired Judge Marie N. Milks. The proposed Settlement provides significant benefits to the Class and avoids further the risk, uncertainty, and expense of continued litigation. The Parties seek preliminary approval of the proposed Settlement, reserving a separate determination as to attorneys' fees and costs.

In compliance with Rule 23 and the requirements of due process, the Parties respectfully request that the Court:

(1) Grant preliminary approval of the proposed Settlement, such that notice of the proposed Settlement may be given under Fed. R. Civ. P. 23(e)(1)(B);

(2) Approve Class Notice in the format provided in Exhibit 2, to be (i) published in local newspapers, including but not limited to *The Honolulu Star-Advertiser* and *Midweek Oahu*; (ii) posted for two weeks on the daily school bulletin at Campbell High School; and (iii) posted on Campbell High School's bulletin boards and website, DOE's website, and OIA's website.

(3) Set the Fairness Hearing on the proposed Settlement, and dates leading up to that Fairness Hearing as follows, the Court's calendar permitting:

| | |
|---|---|
| Deadline for Class Notice to be published, distributed, and posted as provided above | 30 days prior to Fairness Hearing |
| Deadline for filing Joint Motion for Final Approval of Settlement | 21 days prior to Fairness Hearing |
| Deadline for Class Members to comment on the proposed Settlement | Postmarked letter to Court by 7 days prior to Fairness Hearing |
| Fairness Hearing | February 2024 |

## II.   NATURE OF THE CASE

On December 6, 2018, Plaintiffs commenced this action in the U.S. District Court for the District of Hawai'i, *A.B. v. Hawaii State Department of Education*, Case No. 1:18-cv-00477-LEK-RT ("the Action"), against Defendants, alleging

unlawful sex discrimination under Title IX of the Education Amendments of 1972 ("Title IX").

The Action alleges that Defendants violated Title IX by failing to provide female athletes at Campbell High School equal participation opportunities and equal treatment and benefits as compared to male athletes, and that the DOE also retaliated against students for raising concerns regarding Title IX compliance. The Action seeks injunctive relief to remedy the alleged Title IX violations. Defendants deny any liability to Plaintiffs and deny having unlawfully discriminated against and/or retaliated against female student athletes in violation of Title IX.

On September 26, 2019, Plaintiffs filed their Second Amended Complaint. Dkt. 116.

On July 1, 2022, the Court granted Plaintiffs' motion for class certification and certified the following Class: "All present and future James Campbell High School ('Campbell') female students and potential students who participate, seek to participate, and/or are or were deterred from participating in athletics at Campbell (the 'Class')." Dkt. 188 at 3.

On July 31, 2023, August 1, 2023, and August 29, 2023, the Parties engaged in arm's length settlement negotiations during mediation conducted by retired Judge Marie Milks and continued to negotiate the proposed Settlement with Judge Milks' assistance.

3

The Parties entered into a Settlement Agreement and Compliance Plan for ensuring that Campbell High School achieves and maintains compliance with Title IX. This Compliance Plan is attached as Exhibit A to Exhibit 1. The Parties agreed to additional terms specific to OIA. These Additional Specific Terms are attached as Exhibit B to Exhibit 1.

Balancing the benefits of the proposed Settlement and risks and delays of further litigation, Class Counsel have determined the proposed Settlement provided herein is fair, reasonable, and in the best interest of Class Members.

While Defendants deny all liability asserted by Plaintiffs in this Action, Defendants have also concluded the proposed Settlement is fair and reasonable, considering the substantial expenses of protracted litigation.

### III.    TERMS OF THE PROPOSED SETTLEMENT

Pursuant to the proposed Settlement between Plaintiffs and Defendants, Class Members will be entitled to the relief outlined below. The following summarizes the principal terms of the proposed Settlement:

A.    Scope: All claims and defenses, and all parties to the action.

B.    Class Members: All present and future Campbell High School female students and potential students who participate, seek to participate, and/or are or were deterred from participating in athletics at Campbell.

4

C.    Title IX Compliance and Monitoring (Drawn from Exhibit A to the

Settlement): During the time period between October 7, 2023 and

October 7, 2030 (hereinafter "Compliance and Monitoring Period"),

DOE and OIA will ensure athletic participation opportunities and

treatment and benefits for girls at Campbell High School comply with

the proposed Settlement. Defendants can move to end the Compliance

and Monitoring Period earlier under limited circumstances. Plaintiffs

can move to extend the Compliance and Monitoring Period if

Defendants are not in compliance by the end of year seven. The

Compliance Plan includes the following components applicable to

both DOE and OIA:

i.     Independent Evaluator: Defendants will retain Philip Catanzano

to serve as Independent Evaluator ("IE") to inspect, gather data,

evaluate, report, and make recommendations to ensure

Campbell High School complies with Title IX. The IE will be

compensated by Defendants.

ii.    Interim and Annual Reports: The IE will provide one Interim

Report and one Annual Report for each year of the Compliance

and Monitoring Period. The Reports will be posted publicly on

DOE's and OIA's websites and shared with Counsel.

a.  *Annual Reports*: Annual Reports will comprehensively
assess Title IX compliance for the most recently
concluded academic year at Campbell High School. The
Annual Report will incorporate relevant data to
demonstrate Title IX compliance and/or compliance
challenges, site visits, interviews with Campbell High
School staff and leadership, and focus groups and/or
survey data from students and parents. Specifically, with
respect to participation opportunities, the Annual Report
will use student population and athletic population
statistics for that academic year to assess compliance
with the applicable three-part test under Title IX. With
respect to the treatment and benefits requirement of Title
IX, the Annual Report will include sections addressing
gender equity for female student athletes according to the
following Title IX components: (1) participation
opportunities; (2) recruitment of coaches or other
professional personnel; (3) equipment and supplies;
(4) scheduling of games and practice times; (5) travel and
per diem; (6) coaching; (7) academic support (if the IE

later determines this component needs to be reviewed);
(8) locker rooms, practice facilities, and competitive
facilities; (9) medical training facilities and services;
(10) housing and dining (if the IE later determines this
component needs to be reviewed); (11) publicity and
marketing; (12) support services; and (13) fundraising.
Finally, the Annual Report will summarize any
complaints regarding Title IX compliance from the prior
year, along with how the complaints have been
addressed.

b.   *Interim Reports*: Interim Reports will provide a concise
update on efforts but will not make compliance
determinations. The first Interim Report will be provided
in January 2024.

iii.   <u>Document Collection and Organizational Tool Building</u>: The IE
will implement a data collection procedure to collect all data
related to each of the relevant categories detailed above. The
Interim and Annual Reports will feature this data, as well as
qualitative and quantitative assessments of Title IX athletic
participation and treatment and benefits elements.

*iv.*    <u>Student Surveys</u>: The IE will assist Campbell High School and OIA in developing a student survey to assess girls' interest in playing sports in greater numbers. Counsel will meet after the initial survey results to discuss implementing additional athletic opportunities for girls at Campbell High School. This survey will be conducted on an annual basis and will be appended to the Annual Report.

*v.*    <u>Coach Surveys and Interviews</u>: In the fall-winter, the IE will conduct surveys and interviews of the head coaches of each team to ask about the athletic benefits for each team. The IE will report summaries of these interviews in the Interim and Annual Reports.

*vi.*    <u>Student-Athlete Meetings, Focus Groups, and Community Feedback</u>: The IE will visit Campbell High School by December 2023 to conduct meetings and/or focus groups with interested students and parents. The IE will also speak with members of the OIA, Hawaii Legislature (if requested), DOE, or other relevant parties. The IE will report summaries of these discussions in the Interim and Annual Reports.

*vii.*    <u>Facility Review</u>: In December 2023, the IE and Class Counsel from ACLU of Hawaiʻi will conduct a site visit to the new Campbell High School athletic field and track and any associated facilities. In May or June 2024, the IE will return to Campbell High School to conduct a site review to include off-site facilities used by Campbell athletics. Counsel for all Parties shall be permitted to attend this site visit as well as subsequent annual site visits.

*viii.*    <u>Complaint Reporting Procedure and Review</u>: Campbell High School will create a reporting mechanism for student athletes to report any gender equity concerns via a hotline and/or online portal. These concerns will be shared with the IE on a monthly basis. The IE will assess the issue, discuss potential remediation, and receive updates until the issue is resolved. The IE will summarize these issues in the Annual Report.

*ix.*    <u>Training and Professional Development</u>: The IE will provide annual Title IX athletics training to Campbell High School's administration and athletics leadership, and to representatives from DOE and OIA. The DOE will, with the IE, also develop

and incorporate a Title IX athletic training video into its
required athletic training videos.

*x.*    Non-Retaliation Assurances: No individual should be retaliated
against for cooperating with or facilitating the IE's review.
Likewise, there shall be no retaliation against anyone raising
Title IX complaints.

D.    OIA-Specific Title IX Compliance (Drawn from Exhibit B to the
Settlement):

*i.*    Addition of Participation Opportunities: The IE and OIA shall
determine sports and additional levels of competition for which
there is or may be unmet interest among girls. If there is
sufficient interest and demand for additional girls' sports, the
OIA shall take appropriate action to introduce and initiate a new
sport and/or levels of competition to meet such interest.

*ii.*    Treatment and Benefits: To the extent that the OIA provides,
funds, or impacts the treatment and benefits at the member
schools, the OIA shall ensure that it does so in a gender-
equitable way consistent with Title IX.

a.    *Scheduling of Games & Practice Times*: The OIA shall
maintain and publish all competition schedules on the
OIA website.

10

b.  *Locker Room, Practice & Competitive Facilities*: All girls' athletic teams shall have access to competitive facilities that are equivalent to those provided for boys.

c.  *Publicity & Promotional Support*: The OIA will act in good faith and exercise best efforts to provide gender-equitable treatment in their publicity and promotion of athletic teams.

d.  *Travel & Per Diem Allowances*: The OIA shall revise its Transportation Subsidy policy to include an equivalent subsidy for girls' water polo and girls' varsity softball. The IE shall determine if any additional sports should be included in the OIA's Transportation Subsidy policy to ensure gender equity.

iii.  OIA Title IX Committee: The OIA's Title IX Committee shall meet monthly with the Title IX Specialist(s) of DOE's Civil Rights Compliance Branch to discuss Title IX athletics gender equity concerns.

iv.  Complaint Procedure: With the assistance of the IE, the OIA shall create and implement policies and procedures regarding complaints of unequal treatment in athletics and/or retaliation.

> *v.*     <u>Review of OIA Documents</u>: The IE shall review OIA's governance documents to assess what changes are necessary for, or will help facilitate, compliance with Title IX at Campbell High School.
>
> *vi.*     <u>Assessment Forms</u>: The IE shall develop a Title IX assessment form that OIA member schools shall be required to complete annually to maintain "Good Standing" as a condition of their continued membership in the OIA. The OIA and IE shall develop the policies and training materials necessary for member schools to effectively and accurately complete this assessment form.

E.    <u>Release</u>: Plaintiffs will release any and all claims against Defendants which Plaintiffs have or could have brought based on the events giving rise to this Action.

F.    <u>Notice</u>: DOE will bear the costs of Class Notice. Notice will be (i) published in local newspapers, including but not limited to *The Honolulu Star-Advertiser* and *Midweek Oahu*; (ii) posted for two weeks on the daily school bulletin at Campbell High School; and (iii) posted on Campbell High School's bulletin boards and website, DOE's website, and OIA's website.

## IV.    PROPOSED SETTLEMENT MEETS JUDICIAL STANDARDS FOR APPROVAL UNDER RULE 23(e)

Federal Rule of Civil Procedure 23(e) provides that a certified class's claims may be settled "only with the court's approval." The court may approve a settlement proposal binding class members "only on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).

The court's approval of a settlement agreement is necessary to protect the interests of Class Members, which may not always be provided "due regard by the negotiating parties." *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 624 (9th Cir. 1982). However, "the very essence of a settlement is compromise" and compromise often requires the yielding of "highest hopes." *Id.* The law favors compromise; settlements are the "preferred means of dispute resolution," particularly in class action litigation such as this. *Id.* at 625.

The court's principal inquiry in reviewing a proposed settlement agreement boils down to determining: "Is the settlement fair?" *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 895 F.3d 597, 611 (9th Cir. 2018). Although "there are few, if any, hard-and-fast rules about what makes a settlement 'fair,'" the Ninth Circuit has adopted a "non-exhaustive list of factors that a district court may consider when weighing a proposed settlement." *Id.* at 610. These factors include:

(1) "the strength of the plaintiffs' case";

13

(2) "the risk, expense, complexity, and likely duration of further litigation";

(3) "the risk of maintaining class action status throughout the trial";

(4) "the amount offered in settlement";

(5) "the extent of discovery completed and the stage of the proceedings";

(6) "the experience and views of counsel";

(7) "the presence of a governmental participant"; and

(8) "the reaction of the class members to the proposed settlement."

*Id.* at 610 n.18; *Officers for Justice*, 688 F.2d at 625.

Here, the proposed Settlement meets the standards for preliminary approval. The proposed Settlement brings Campbell High School into compliance with Title IX and provides Class Members with significant relief. The proposed Settlement is far preferable to the risk, costs, and expense of further litigation against Defendants, one of which is a governmental participant. Because discovery has been completed and the Action was nearing trial, the Parties have sufficient information to make an informed decision that settlement is appropriate.

That decision is bolstered by the fact that Class Counsel have extensive experience in Title IX litigation and advocacy. Class Counsel's strong qualifications and experience have served Class Members throughout this litigation. With Class Counsel's prior expertise and work on this case, Counsel have developed a robust understanding of the legal issues present and rightly

14

evaluated the strengths and weaknesses of Plaintiffs' case. Class Counsel's

experience and knowledge ensures that Class Counsel's judgment is reliable in

determining the proposed Settlement is fair.

## V.    PROPOSED NOTICE TO CLASS SATISFIES RULE 23 AND DUE PROCESS REQUIREMENTS

Federal Rule of Civil Procedure 23 also asks the reviewing court to "direct

notice in a reasonable manner" to all class members bound by the proposed

settlement if it is likely the court will approve the settlement. Fed. R. Civ. P.

23(e)(1)(B). The proposed Class Notice (Exhibit 2) satisfies the requirements of

due process by informing Class Members of the proposed Settlement and affording

them the opportunity to be heard at the Fairness Hearing. *See Mullane v. Central

Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

Notice must be "reasonably calculated, under all the circumstances, to

apprise interested parties of the pendency of the action and afford them an

opportunity to present their objections." *Id.* Notice is sufficient if it "generally

describes the terms of the settlement" such that potential objectors are adequately

alerted. *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). The

proposed Class Notice sufficiently notifies Class Members of the proposed

Settlement, procedure for commenting on the proposed Settlement, and the date

and place of the Fairness Hearing. Upon the Court's approval, the Class Notice

will be published in local newspapers, including but not limited to *The Honolulu*

*Star-Advertiser* and *Midweek Oahu*; posted for two weeks on the daily school bulletin at Campbell High School; and posted on Campbell High School's bulletin boards and website, DOE's website, and OIA's website. The proposed Class Notice satisfies due process requirements.

## VI.    CONCLUSION

Plaintiffs and Defendants respectfully request the Court grant their joint motion and (1) enter the [Proposed] Order Preliminarily Approving the Settlement and Notice to the Class attached hereto; (2) schedule a Fairness Hearing in February 2024; (3) set a deadline for Class Notice that is 30 days prior to the Fairness Hearing; (4) set a deadline for the Parties to file a joint motion for final approval of the Settlement 21 days prior to the Fairness Hearing; and (5) set a deadline for Class Members to comment on the proposed Settlement via letter to the Court postmarked 7 days prior to the Fairness Hearing.

Dated:  October 27, 2023                         Respectfully submitted,

By:  /s/ Elizabeth Kristen
Counsel for Plaintiffs

ACLU OF HAWAII
FOUNDATION
Jongwook "Wookie" Kim #11020
Taylor Brack #11121
P.O. Box 3410
Honolulu, HI 96801

Telephone: (808) 522-5905
Facsimile: (808) 522-5909
E-mail: wkim@acluhawaii.org
    tbrack@acluhawaii.org

LEGAL AID AT WORK
Elizabeth Kristen, *pro hac vice*
Lynnette Miner, *pro hac vice*
180 Montgomery Street, Suite 600
San Francisco, CA 94104
Telephone: (415) 864-8848
Facsimile: (415) 593-0096
E-mail:
ekristen@legalaidatwork.org
lminer@legalaidatwork.org

SIMPSON THACHER &
BARTLETT LLP
Jayma M. Meyer, *pro hac vice*
David A. Balme, *pro hac vice*
Damian P. Gallagher, *pro hac vice*
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-3935
Facsimile: (212) 455-2502
E-mail: jmeyer@stblaw.com
david.balme@stblaw.com
damian.gallagher@stblaw.com

Harrison J. Frahn IV, *pro hac vice*
Ziwei Xiao, *pro hac vice*
Sarah H. Brim, *pro hac vice*
Pierce A. MacConaghy, *pro hac vice*
2475 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 251-5000
Facsimile: (650) 251-5002
E-mail: hfrahn@stblaw.com
ziwei.xiao@stblaw.com
sarah.brim@stblaw.com

17

pierce.macconaghy@stblaw.com

Dated:  October 27, 2023

ANNE E. LOPEZ          #7609
Attorney General of Hawaii

CARON M. INAGAKI    #3835
KENDALL J. MOSER    #6515
Deputy Attorneys General
Department of the Attorney
General, State of Hawaii

By:  /s/ Kendall J. Moser
425 Queen Street
Honolulu, Hawaii 96813
Telephone: (808) 586-1494
Facsimile: (808) 586-1369
Email:
Caron.M.Inagaki@hawaii.gov
Kendall.J.Moser@hawaii.gov

Counsel for Defendant
Hawaii State Department of
Education

Dated:  October 27, 2023

HOSODA LAW GROUP, LLLC
Lyle S. Hosoda      #3964-0
Kourtney H. Wong        #10827-0

By:  /s/ Lyle S. Hosoda
Three Waterfront Plaza, Suite 499
500 Ala Moana Boulevard
Honolulu, HI 96813
Telephone: (808) 524-3700
Facsimile: (808) 524-3838
Email: lsh@hosodalaw.com
        khw@hosodalaw.com

Counsel for Defendant Oahu
Interscholastic
Association

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this document complies with the length limit of Local Rule 7.4(a). In compliance with Local Rules 7.4(e) and 10.2(a), I further certify that this document has been prepared using Microsoft Word 2016 in 14-point Times New Roman font.

DATED:  October 27, 2023

/s/ Elizabeth Kristen
Counsel for Plaintiffs

20