| | |
|---|---|
| ACLU OF HAWAI'I FOUNDATION | Case No. 1:18-cv-00477-LEK-RT |
| Jongwook "Wookie" Kim    #11020 | [CIVIL RIGHTS ACTION] |
| Taylor Brack    #11121 | |
| P.O. Box 3410 | [CLASS ACTION] |
| Honolulu, Hawaii 96801 | |
| Telephone: (808) 522-5908 | |
| Facsimile: (808) 522-5909 | |
| E-mail: wkim@acluhawaii.org | |
| tbrack@acluhawaii.org | |

LEGAL AID AT WORK
Elizabeth Kristen, *pro hac vice*
Lynnette Miner, *pro hac vice*
180 Montgomery Street, Suite 600
San Francisco, CA 94104
Telephone: (415) 864-8848
Facsimile: (415) 593-0096
E-mail: ekristen@legalaidatwork.org
lminer@legalaidatwork.org

SIMPSON THACHER & BARTLETT LLP
Jayma M. Meyer, *pro hac vice*
David A. Balme, *pro hac vice*
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-3935
Facsimile: (212) 455-2502
E-mail: jmeyer@stblaw.com
david.balme@stblaw.com

Harrison J. Frahn IV, *pro hac vice*
Ziwei Xiao, *pro hac vice*
Pierce A. MacConaghy, *pro hac vice*
2475 Hanover Street
Palo Alto, California 94304
Telephone: (650) 251-5000
Facsimile: (650) 251-5002
E-mail: hfrahn@stblaw.com
ziwei.xiao@stblaw.com
pierce.macconaghy@stblaw.com
   *Attorneys for Plaintiffs*

## ORDER GRANTING JOINT MOTION
## FOR FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| A.B. and A.M.B, by their parents and next friends, C.B. and D.B., T.T., by her parents and next friends, K.T. and S.T., and A.P., by her parents and next friends, C.P. and M.P.,<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br>HAWAII STATE DEPARTMENT OF EDUCATION and OAHU INTERSCHOLASTIC ASSOCIATION,<br><br>　　　　　　Defendants. | Case No. 1:18-cv-00477-LEK-RT<br><br>[CIVIL RIGHTS ACTION]<br><br>**ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF THE SETTLEMENT AGREEMENT**<br><br>[CLASS ACTION]<br><br>HEARING:<br>Date:  February 16, 2024<br>Time: 10:30 a.m.<br>Judge:  Honorable Leslie E. Kobayashi |

## ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

Upon consideration of the Joint Motion for Final Approval of the Settlement Agreement (the "Motion"), and for good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the Motion is *Granted* as follows:

1. Federal Rule of Procedure 23(e)(2) requires the Court to determine whether the Settlement Agreement is "fair, reasonable, and adequate." The Court may

1

consider the following factors in evaluating the Settlement: "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 895 F.3d 597, 610 n.18 (9th Cir. 2018) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

2. The Court finds that the Settlement Agreement is fair, adequate, and reasonable in light of these factors.

    a. The Settlement Agreement reflects the strength of Plaintiffs' case as well as Defendants' positions. This Court has been "exposed to the litigants, and their strategies, positions and proof." *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 626 (9th Cir. 1982) (quoting *Ace Heating & Plumbing Co. v. Crane Co.*, 453 F.2d 30, 34 (3d Cir. 1971)). The "strong judicial policy that favors settlements, particularly where complex class action litigation

2

is concerned," is applicable here. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

b. The Settlement Agreement was reached in arm's length settlement negotiations during a multi-day mediation conducted by retired Judge Marie N. Milks, an experienced mediator.

c. The risks, expense, complexity, and duration of litigation support approval. This case has been litigated for over five years. Trial of any case, let alone a class action, is inherently complex and risky. The Settlement Agreement is far preferable to the risk, costs, and expense of further litigation against Defendants, one of which is a governmental participant.

d. The extent of discovery completed supports approval. Discovery included tens of thousands of pages of documents, more than twenty depositions across two separate time periods, expert testimony, and multiple site visits. Because extensive discovery had been completed and the Action was nearing trial, the Court and the parties have sufficient information to make an informed decision that settlement is appropriate.

e. The experience and views of counsel weigh in favor of approval. Class Counsel have extensive experience in Title IX litigation and

  advocacy. Class Counsel's strong qualifications and experience have served class members throughout this litigation. With Class Counsel's prior expertise and work on this case, Counsel have developed a robust understanding of the legal issues present and rightly evaluated the strengths and weaknesses of Plaintiffs' case. Class Counsel's experience and knowledge ensures that Class Counsel's judgment is reliable in determining the proposed Settlement Agreement is fair, adequate, and reasonable.

 f. Finally, the reaction of class members supports final approval of the Settlement Agreement. The fact that zero class members objected to the Settlement Agreement following class notice strongly supports the fairness of the Agreement.

3. The parties have requested final approval of the Settlement Agreement while the issue of attorneys' fees and costs remains pending before Judge Rom A. Trader. The fees and costs issue will be addressed separately by the Court. The Court finds no reason to postpone final approval of the Settlement Agreement until after that issue has been resolved.

4. In light of the above, the Court finds that the Settlement Agreement, including Exhibit A (Compliance Plan) and Exhibit B (Additional Specific Terms, Oahu Interscholastic Association), attached hereto as **Exhibit 1**, is

fair, reasonable, and adequate within the meaning of Federal Rule of Civil Procedure 23, and GRANTS final approval of the Settlement Agreement and all of the terms and conditions contained therein.

5. By this order, the Court incorporates the terms of the attached Settlement Agreement and maintains exclusive and continuing jurisdiction in this matter until October 7, 2030, unless otherwise ordered by the Court as provided by the Settlement Agreement.

6. The Parties are directed to implement the terms of the Settlement Agreement.

    IT IS SO ORDERED.

    Dated: Honolulu, Hawai'i, March 5, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge